1
2
3
4
5
6
7
8             **UNITED STATES DISTRICT COURT**
9           **SOUTHERN DISTRICT OF CALIFORNIA**

10 UNITED STATES OF AMERICA,        CASE NO. 12CR37 WQH

11                 Plaintiff,      ORDER

      vs.

12 AMADEO MEDINA ,

13                Defendant.

14

15 HAYES Judge:

16      The following motions are pending before the Court:  1)  Defendant's motion to

17 compel discovery (ECF No. 9); 2)  Government's motion for reciprocal discovery

18 (ECF No. 13); 3)   Defendant's motion to Depart Downward (ECF No. 29); 4)

19 Defendant's motion for Discovery (ECF No. 38);  5) Defendant's motion to dismiss

20 indictment for lack of jurisdiction (ECF No. 41);  6) Defendant's motion to enter

21 written request to fully inform jury (ECF No. 52); and 7)  Defendant's motion for

22 revocation of supervised release (ECF No. 56).

23                  **BACKGROUND**

24      On January 4, 2012, the grand jury charged the Defendant Amadeo Medina with

25 illegal entry in violation of 8 U.S.C. §1325 (Count One); and attempted entry after

26 deportation in violation of 8 U.S.C. §1326(a) and (b) (Count two).  (ECF No. 7).

27      On January 5, 2012, Defendant made an appearance before a Magistrate Judge

28 and entered pleas of not guilty. (ECF No. 8).

1    On February 6, 2012, counsel on behalf of Defendant filed a motion to compel
2    discovery.   (ECF No. 9).

3    On February 16, 2012, the Government filed a response to Defendant's motion
4    for discovery and a motion for reciprocal discovery  (ECF No. 13).

5    On March 12, 2012, April 16, 2012 and May 14, 2012, the Court granted the
6    Defendant's motions for continuances of the motion hearing date.  (ECF Nos. 14, 15,
7    and 16).

8    On June 19, 2012, Defendant appeared before the Magistrate Judge and requested
9    that his current counsel be relieved and new counsel be appointed.  The Magistrate
10   Judge granted the Defendant's request, appointed new counsel for Defendant, and
11   confirmed the motion hearing date of July 2, 2012.  (ECF No. 18).

12   On July 2, 2012, Defendant appeared before this District Court Judge and
13   informed the Court that he wished to represent himself. (ECF No. 19).

14   On July 3, 2012, Defendant appeared before this District Court Judge; the Court
15   informed the Defendant of the nature of the charges against him, the possible penalties,
16   and the dangers and disadvantages of self-representation as required under *Farretta v.*
17   *United States,* 422 U.S. 806 (1975).   Defendant withdrew his request to represent
18   himself and the Court set a motion hearing date for August 27, 2012 as requested by
19   counsel for Defendant.  (ECF No. 20).

20   On August 8, 2012, the Court held a hearing at the request of the Defendant.
21   Defendant informed that Court that he wished to represent himself; the Court informed
22   the Defendant of the nature of the charges against him, the possible penalties, and the
23   dangers and disadvantages of self-representation.   The Court granted Defendant's
24   request to represent himself and appointed his counsel to stay on as advisory counsel.
25   (ECF No. 22).   Defendant subsequently filed motions on his behalf.

26                                **RULINGS OF THE COURT**

27   Defendant's motion to compel discovery (ECF No. 9); Government's motion for
28   reciprocal discovery (ECF No. 13); and Defendant's motion for Discovery (ECF No.

1  38)

2      All discovery matters appear resolved.

3  Defendant's Motion to Depart Downward (ECF No. 29)

4      Defendant moves the Court for "leniency pertains to the computation of the

5  Defendant's Presentence Report criminal history points." (ECF No. 29 at 1). This case

6  is in the pre-trial stage. Defendant's motion related to the calculation of his guideline

7  range is denied without prejudice as premature.

8  Defendant's Motion to Dismiss Indictment for lack of jurisdiction (ECF No. 41)

9      Defendant moves the Court to dismiss the indictment on the following grounds:

10 1) the Court is without jurisdiction because the offense, if any, is cognizable only in the

11 District of Columbia; 2) the Indictment does not state facts to constitute an offense

12 against the United States; and 3) the Defendant was acquitted of the offense in Case No.

13 12cr37 terminated on January 4, 2012. The Government contends that the Indictment

14 properly charges the offense and the case has not been terminated.

15     The Indictment charges in Count One that the Defendant, an alien, unlawfully

16 entered or attempted to enter the United States at a time and place other than as

17 designated by immigration officers in violation of 8 U.S.C. § 1325 on December 4,

18 2011 within the Southern District of California. The Indictment charges in Count 2 that

19 the Defendant, an alien who has been previously removed, knowingly and intentionally

20 attempted to enter the United States without the express consent of the Attorney General

21 or his designated successor in violation 8 U.S.C. § 1326(a) and (b) on December 4,

22 2011 within the Southern District of California. The Indictment states: "It is further

23 alleged that defendant AMADEO MEDINA was removed from the United States

24 subsequent to August 18, 2005." (ECF No. 7 at 2).

25     The Indictment places the Defendant on notice of the crimes charged against him

26 and allows him to adequately defend himself against the charges. See Rule 7(c)(1) of

27 the Federal Rules of Criminal Procedure ("The indictment ... must be a plain, concise,

28 and definite written statement of the essential facts constituting the offense charged....").

1  Jurisdiction is properly alleged to be within the Southern District of California.  This
2  case has not been terminated.

3       Defendant further asserts that his prior removal was invalid on the grounds  that
4  it violated his Fifth Amendment due process rights.  Defendant asserts that documents
5  do not support his removal, that the Immigration Judge failed to properly inform his of
6  his right to counsel, and that the Immigration Judge failed to inform him of his
7  eligibility for waiver of removal.

8       The Government contends that the Defendant was removed on June 30, 2004
9  pursuant to a valid order of removal.  The Government asserts that the Defendant cannot
10 show the required fundamental unfairness to support relief under Section 1326(d).  The
11 Government asserts that the Defendant was removed on the valid grounds of an
12 aggravated felony; that the Defendant was statutorily ineligible for relief from removal,
13 and that the Defendant cannot establish prejudice.

14      Aliens charged with illegal reentry under 8 U.S.C. § 1326 have a limited right to
15 challenge collaterally the validity of the removal order underlying their illegal reentry
16 offense.  *United States v. Bustos-Ochoa*, ___ F.3d ___, 2012 WL 6579556 (9th Cir.
17 December 18, 2012).  In order to succeed in a collateral attack under §1326(d), a
18 defendant must establish: (1) that he exhausted all administrative remedies available to
19 him to appeal his removal order, (2) that the underlying removal proceedings at which
20 the order was issued improperly deprived him of the opportunity for judicial review,
21 and (3) that the entry of the order was fundamentally unfair.  8 U.S.C. § 1326(d).  Entry
22 of an order is "fundamentally unfair" if: "the deportation proceeding violated the alien's
23 due process rights and the alien was prejudice as a result of the defects."  *United States*
24 *v. Reyes-Bonilla*, 671  F.3d 1036, 1043 (9th Cir. 2012).

25      To prove prejudice, a defendant "must demonstrate that he had plausible grounds
26 for relief from deportation." *United States v. Ramos*, 623 F.3d 672, 684 (9th Cir. 2010).
27 Defendant "must show that any error prejudiced [him] in a manner so as potentially to
28 affect the outcome of the proceedings; a mere showing that [he] would have availed

himself of the procedural protections denied him is not enough."  *Bustos-Ochoa*, ___

F.3d ___, 2012 WL 6579556 at 2 (quotation and citation omitted).

On November 11, 2002, a Judgment was entered in state court pursuant

Defendant's plea of guilty to two counts of Inflicting Corporal Injury on Spouse in

violation of Cal. Penal Code Section 273.5(A).  (ECF No. 59-6).  Defendant was

sentenced to three years in custody.

After serving his state court sentence, Defendant received a Notice To Appear

from the Immigration Service dated June 10, 2004 which charged:

> 1) You are not a citizen or national of the United States;
> 2) You are a native of MEXICO and a citizen of MEXICO;
> 3) You entered the United States at Los Angeles, CA as a lawful permanent resident on January 2, 1990;
> 4) You were, on November 19, 2002, convicted in the California Superior Court Los Angeles County for the offense of Inflicting Corporal Injury to Spouse/Cohabitant/Child's Parent, in violation of Section 273.5(A) of the California Penal Code;
> 5) That offense was committed against Deborah S., your spouse;
> 6) You were sentenced to a term of imprisonments of three (3) years.

(ECF No. 59-1 at 3).  The Notice To Appear charged:

> [Y]ou are subject to removal from the United States pursuant to the following provision(s) of law:
> Section 237(a)(2)(E)(I) of the Immigration and Nationality Act (Act), as amended, in that you are an alien who at any time after admission has been convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment.
>
> Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that you are an alien who at any time  after admission, you have been convicted of a crime of violence (as defined in section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment ordered is at least one year."

*Id.*  The Notice To Appear advised the Defendant "If you so chose, you may be

represented in these proceedings at no expense to the Government by an attorney or

other individual authorized and qualified to represent persons before the Executive

Office for Immigration Review...  A list of qualified attorneys  and organizations who

may be available to represent you at no cost will be provided with this Notice."  *Id.*  The

Notice To Appear indicates that it was served on the Defendant in person, that the list

1  of organizations which provide free legal services was attached; and that oral notice was

2  provided in the Spanish language.  Defendant signed the Notice To Appear requesting

3  a prompt hearing.

4        On June 30, 2004, Defendant was ordered removed to Mexico based upon the

5  finding that he had been convicted of a crime designated as an aggravated felony.  (ECF

6  Nos. 59-2 and 59-3).

7  *Aggravated felony*

8        Defendant was convicted on November 19, 2002, in the California Superior

9  Court Los Angeles County for the offense of Inflicting Corporal Injury to

10  Spouse/Cohabitant/Child's Parent, in violation of Section 273.5(A)of the California

11  Penal Code . (ECF No. 59-6).  The Notice To Appear charged that this conviction was

12  an "aggravated felony" pursuant to 8 U.S.C. §1101(43)(F).

13        8 U.S.C. §1101(43)(F) provides that "the term 'aggravated felony' means: a

14  crime of violence (as defined in section 16 of Title 18, but not including a purely

15  political offense) for which the term of imprisonment [is] at least one year."  "The term

16  'crime of violence' means – ... an offense that has as an element the use, attempted use,

17  or threatened use of physical force against the person or property of another."  8 U.S.C.

18  § 16.

19        In *United States v. Laurico-Yeno*, 590 F.3d 818 (9th Cir. 2010),The Court of

20  Appeals concluded: "Under California law, [California Penal Code § 273.5(a)] requires

21  a direct application of force on the victim by the defendant.  (quotation and citation

22  omitted).  This means a defendant can be convicted under § 273.5 only if he or she

23  intentionally uses 'physical force against the person of another.'  Because a person

24  cannot be convicted without the intentional use of physical force, §273.5 categorically

25  falls within the scope of a 'crime of violence.'" *Id.* at 821.

26        Defendant's conviction in the California Superior Court Los Angeles County for

27  the offense of Inflicting Corporal Injury to Spouse/Cohabitant/Child's Parent, in

28  violation of Section 273.5(A) of the California Penal Code is a categorical crime of

1   violence and an "aggravated felony" pursuant to 8 U.S.C. §1101(43)(F). Defendant was

2   subject to removal as charged in the Notice To Appear and as found by the Immigration

3   Judge.

4   *Prejudice*

5          In *Bustos-Ochoa*, ___ F.3d ___, 2012 WL 6579556, the defendant conceded that

6   the evidence before the district court showed that his underlying state conviction

7   qualified as an aggravated felony under the modified categorical approach.   The

8   defendant "argued that he plausibly could have obtained voluntary departure because

9   the government did not proffer noticeable documents establishing his aggravated felony

10  conviction before the IJ, and on that inconclusive record, he would have been eligible

11  for relief."  *Id*. at 2.  The Court of Appeals concluded that the district court properly

12  denied the defendant's motion to dismiss under 8 U.S.C. § 1326(d) because the

13  defendant was an aggravated felon and was therefore ineligible for voluntary departure.

14  The Court of Appeals stated:

15          In short, an alien who is statutorily barred from obtaining relief from
            removal cannot be prejudiced by an IJ's failure to inform him about the
16          possibility of applying for such relief.  This remains true even if the
            government does not introduce noticeable documentation of the alien's
17          aggravated felony conviction before the IJ.

18  *Id.* at 3.   In this case, Defendant was convicted of a categorical aggravated felony as

19  charged in the Notice To Appear and was therefore ineligible for relief from removal.

20  *Right to Counsel*

21         In *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1049 (9th Cir. 2012), the Court

22  of Appeals for the Ninth Circuit stated:  "We therefore hold that in order to mount a

23  successful collateral attack on a prior removal order under § 1326(d), an alien who was

24  convicted of an aggravated felony and was not properly advised of his right to counsel

25  ... must show that he was actually prejudiced by this due process violation."  Even if

26  the Defendant in this case had not properly waived his right to counsel at the

27  immigration hearing, Defendant could not show prejudice under the facts in this record.

28         The Court concludes that there are no grounds to support the Defendant's motion

1 to dismiss.

2 Motion to enter written request to fully inform jury (ECF No. 52)

3      Defendant moves the Court  to "enter written request to fully inform the jury."

4 (ECF No. 52 at 1).  This Court will fully instruct the jury on the law of the case at the

5 proper time.  Defendant's motion to enter written request to fully inform the jury is

6 denied at this stage in the proceedings.

7 Motion for revocation of supervised release (ECF No. 56)

8      Defendant moves the Court to implement the "amended Supervised Release

9 Guidelines for deportable defendants."  (ECF No. 56 at 3).  This case is in the pre-trial

10 stage.  Defendant's motion related to the imposition of supervised release is denied

11 without prejudice as premature.

12 **CONCLUSION**

13      It is hereby ordered that:

14 1)  Defendant's motion to compel discovery (ECF No. 9) is denied;

15 2)  Government's motion for reciprocal discovery (ECF No. 13) is granted;

16 3)  Defendant's motion to depart downward (ECF No. 29) is denied;

17 4)  Defendant's motion for discovery (ECF No. 38) is denied;

18 5)  Defendant's motion to dismiss Indictment (ECF No. 41) is denied;

19 6)  Defendant's motion to enter written request (ECF No. 52) is denied; and

20 7)  Defendant's motion for revocation of supervised release (ECF No. 56) is denied.

21 DATED:  March 22, 2013

22                     **WILLIAM Q. HAYES**

23                     United States District Judge

24

25

26

27

28

12CR37 WQH