**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br>AMADEO MEDINA,<br>　　　　　　　　　　　Defendant. | CASE NO. 12cr37WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Defendant's motion to determine the admissibility of any statements. (ECF No. 75-14).

**FACTUAL BACKGROUND**

On December 4, 2011, at approximately 8:30 p.m., remote video surveillance system operators observed a group of six suspected illegal immigrants walking south from the All-American Canal north of the International Boundary fence between the United States and Mexico, approximately 12 miles east of the Calexico, California Port of Entry. United States Border Patrol Agent Eric Blackburn responded to the area and found six individuals, including Defendant attempting to conceal themselves in some brush approximately 50 yards north of the International Boundary fence. Agent Blackburn approached the six individuals, including the defendant, and identified himself as a border patrol agent stating "Don't move" in the Spanish language. Agent Blackburn asked the individuals if they were from Mexico. Agent Blackburn testified "they all said 'si.'" Other agents arrived.

All six individuals, including the Defendant, were arrested and transported to the Calexico Border Patrol Station for processing. Defendant was subsequently charged with illegal entry in violation of 8 U.S.C. § 1325 and with knowingly and intentionally attempting to enter the United States after having been previously excluded, deported and removed and not having obtained permission to reenter in violation of 8 U.S.C. § 1326 (a) and (b).

## CONTENTIONS OF THE PARTIES

The Government seeks to offer at trial the testimony of Agent Blackburn that the Defendant responded that he was a Mexican citizen. The Government contends that *Miranda* warnings were not required prior to this routine questioning on the grounds that 1) the Defendant was not in custody when questioned; 2) detention for border questioning does not require *Miranda* warning; and 3) reasonable suspicion existed to detain the Defendant and establish his identity.

Defendant contends that the Court should exclude the testimony of Agent Blackburn on the grounds that Agent Blackburn received no clear answer from the Defendant.

## RULING OF THE COURT

Warnings under *Miranda v. Arizona,* 384 U.S. 436 (1966) are required prior to "custodial interrogation." *Id*. at 444. Whether a defendant was constitutionally entitled to a *Miranda* warning is an issue of law and whether a person is "in custody" for the purposes of *Miranda* is essentially a question of fact. *United States v. Galindo-Gallegos*, 244 F.3d 728, 730 (9th Cir. 2001). In *Galindo-Gallegos*, "[t]wo border patrol agents were looking for aliens about 1800 feet north of the Mexican border. They saw a large group of people running, assumed they were illegal aliens because of the location and the fact that they were running, and stopped them. One of the agents told the people to sit down on the ground. The other agent chased those who ran away. Among those he caught was ... Galindo-Gallegos. Once they had the 15 to 20 people seated, an agent asked them what country they were from and whether they had a legal

right to be in the U.S. Galindo-Gallegos said he was from Mexico and had no such right." *Id*. at 729. The trial judge found the officers "in no way coerced these people to talk" in the field, and found that "these are questions that need to be routinely asked of individuals who are caught near the border." *Id.* at 730. The Court of Appeals concluded that under the facts of the case, the individuals were not "in custody" for the purposes of *Miranda* and the motion to suppress was properly denied. The Court of Appeals explained "[w]here officers apprehend a substantial number of suspects and question them in the open prior to arrest, this is ordinarily a *Terry* [*v. Ohio,* 392 U.S. 1 (1968)] stop, not custodial questioning." *Id.* at 732.

A *Terry* stop is a brief investigatory stop which is an exception to the probable cause requirement of the Fourth Amendment. "The Fourth Amendment does not proscribe all contact between the police and citizens, but is designed to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals." *INS v. Delgado,* 466 U.S. 210, 215 (1984). "Beginning with *Terry v. Ohio,*[], the Court has recognized that a law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further. (citation omitted.) To ensure that the resulting seizure is constitutionally reasonable, a *Terry* stop must be limited. The officer's actions must be justified at its inception, and ... reasonably related in scope to the circumstances which justified the interference in the first place." *Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, 185 (2004).

In this case, the Court concludes that the brief stop and limited questioning about the Defendant's citizenship was justified at its inception, and reasonably related in scope to the circumstances which justified the interference in the first place. There is no evidence in this case of oppressive police conduct, custodial arrest, or police dominated atmosphere. Under the facts of this case, this Court concludes that the brief stop and limited questioning was not custodial interrogation which required *Miranda* warnings. *See, United States v. Brignoni-Ponce,* 422 U.S. 873, 881 (1975) ("... we hold

that when an officer's observations lead him reasonably to suspect a particular vehicle may contain aliens who are illegally in the country, he may stop the car briefly and investigate the circumstances that provoke suspicion.").

It is hereby ordered that Defendant's motion to exclude the statement (#75-14) is denied.

DATED: June 18, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge